UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD EDELMANN,<br><br>                              Plaintiff,<br><br>     v.<br><br>KEUKA COLLEGE,<br><br>                              *Defendant.* | **COMPLAINT**<br><br>**Jury Trial Demanded**<br>**Index No.** |

Plaintiff Richard Edelmann (hereinafter "Plaintiff" or "Mr. Edelmann"), complaining by his attorneys, Kimberly A. Glennon, Esq. of The Law Office of Kimberly A. Glennon and Peter J. Glennon of The Glennon Law Firm, P.C., alleges the following as his complaint against Keuka College (referred to as "Defendant" or "the College"):

## NATURE OF THE ACTION

1.      Plaintiff brings this civil action seeking declaratory relief, monetary damages, and affirmative relief based upon Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and New York State Labor Law ("NYLL"), Article 6, §190 et seq., and Article 19 §650 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1332 and §1367.

3.      This Court also has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District, Plaintiff resides in this Judicial District and the Defendant is located in and maintains a place of business within the Judicial District.

## THE PARTIES

5. Plaintiff Richard Edelmann is an individual who resides in Williamson, New York, a location within Wayne County and the Western District of New York.

6. At all times relevant to the Complaint, Plaintiff was a covered employee as defined by the FLSA and NYLL.

7. Upon information and belief, at all times relevant to the Complaint, Defendant has been an institution of higher education with a principal place of business at 141 Central Avenue, Keuka Park, New York 14478.

8. Defendant is a covered employer within the meaning of the FLSA and the NYLL.

## FACTS

9. Mr. Edelmann began his full-time permanent employment with Keuka College in June 2010 as a Senior Technical Support Technician in the College's Information Technology ("IT") Department.

10. At the time Mr. Edelmann was hired he had no specialized degree in Information Technology but had previously worked in the computer field.

11. When he was hired Mr. Edelmann was asked by Tim Pierson, the then Chief Information Officer of the College, if he preferred to be an hourly or salary employee for his new position.

12. Mr. Pierson informed Mr. Edelmann that the only difference was that if he chose to be a salaried employee he would be entitled to an extra week of vacation. Further, Mr. Pierson stated that salaried employees did not work "much overtime."

13. Mr. Edelmann had no knowledge of the statutes and regulations governing such issues, and asked to be a salaried employee so he could benefit from an extra week of vacation.

14. To be clear, the College was offering to pay him either salary or hourly for the exact position he was hired for.

15. As a Senior Technical Support Technician, Mr. Edelmann reported to Andy Hogan.

16. Mr. Edelmann received only basic training from the College on his position and was only sent to two three-day training courses relating to Mac computers. In fact, much of the work Mr. Edelmann performed was learned by Mr. Edelmann through trial and error and his own research of the equipment.

17. Mr. Edelmann had set work hours each week, but the hours were changed as issues arose or in accordance with the College's schedule that required audio/visual service ("A/V").

18. As a Senior Technical Support Technician, Mr. Edelmann's actual job duties consisted mainly of basic desktop computer support and A/V duties.

19. More specifically, the largest percentage of Mr. Edelmann's job duties were desktop support duties that mostly involved troubleshooting software, prioritizing work orders, answering phones at the help desk, and fixing desktop computers.

20. Mr. Edelmann also spent a large percentage of his time on the A/V needs of the College, which included coordinating work orders for A/V equipment, keeping inventory of the equipment, and assisting in the set up and take down of such equipment.

21. Such desktop support and A/V duties accounted for well over 75% of Mr. Edelmann's work.

22. Mr. Edelmann was also expected to be "on call" in the evenings from 7:00 P.M. – 10:00 P.M. in week-long shifts.

23. While "on call" Mr. Edelmann was consistently contacted by the College and required to assist with desktop support.

24. Mr. Edelmann also frequently received work-related calls after 10:00 P.M.

25. Mr. Edelmann was also expected to be available for various College events that were often outside of his designated work time, including but not limited to: (i) any A/V events for students or faculty after normal work hours; (ii) College sponsored events such as commencement; (iii) green and gold weekend; (iv) College open houses; (v) orientations; (vi) sporting events; (vii) and other special activities that required technology or A/V equipment.

26. Each year Mr. Edelmann was required to attend the College's yearly off site board meeting to provide A/V support at the meeting.

27. His attendance required him to stay overnight and be available 24/7 for support. He often also completed more administrative tasks such as copying and other basic tasks during these meetings.

28. Throughout his employment Mr. Edelmann was classified by the College as an exempt employee and, therefore, was compensated with a salary.

29. Most recently, Mr. Edelmann was paid approximately $47,000 per year.

30. Throughout his tenure with the College, Mr. Edelmann worked significantly more than 40 hours each and every week.

31. More specifically, he typically worked 50 hours per week.

32. Mr. Edelmann was never compensated beyond his standard salary for the hours over 40 that he worked each week.

33. Further, the College did not require Mr. Edelmann to track the number of hours he worked and, upon information and belief, it did not actually track Mr. Edelmann's hours.

34. In 2015, Mr. Edelmann was informed that the College was restructuring the IT Department and, as such, his position was being eliminated.

35. In furtherance of his termination, Mr. Edelmann was offered a small amount of severance in exchange for a general release of any and all claims he may have against the College.

36. Mr. Edelmann ultimately rejected that proposal in contemplation of these claims.

37. Throughout his employment, Defendant improperly classified Mr. Edelmann as an exempt employee despite the fact that his job duties do not qualify him for any exemption, let alone the administrative, executive, professional, or computer professional exemptions, of the FLSA or NYLL.

38. As such, Mr. Edelmann should have been paid overtime during his tenure with the College for all hours worked in excess of 40 hours each week.

**FIRST CAUSE OF ACTION**
Fair Labor Standards Act-Misclassification

39. Plaintiff repeats and realleges as though fully set forth herein, all allegations in paragraphs 1-38.

40. Defendant improperly classified Mr. Edelmann as an exempt employee while he was employed by the College in violation of the FLSA.

41. As such, Defendant failed to properly compensate Mr. Edelmann for all hours worked over forty while he was employed by the College.

42. At all times relevant, Mr. Edelmann was an employee within the meaning of 29 U.S.C. §203(e), (m) and §206(a).

43. At all times relevant, Defendant was an employer within the meaning of 29 U.S.C. §203(e) and §206(a).

44. As a result of Defendant's violation of the FLSA, Mr. Edelmann has suffered damages in the amount of unpaid overtime for all work he performed in accordance with the FLSA in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, double damages, prejudgment interest, attorneys' fees, costs, and other compensation as awarded.

45. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the classification of Mr. Edelmann as described in this Complaint was unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

46. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

## SECOND CAUSE OF ACTION
Fair Labor Standards Act-Recordkeeping Violations

47. Plaintiffs repeats and realleges as though fully set forth herein, all allegations in paragraphs 1-46.

48. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. §211(c) and supporting federal regulations.

49. Defendant's failure to make, keep, and preserve accurate records was willful.

50. As a result of Defendant's violation of the FLSA, Mr. Edelmann has suffered damages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation as awarded.

### THIRD CAUSE OF ACTION
(NYLL – Misclassification)

51. Plaintiff repeats and re-alleges as though more fully set forth herein, all allegations in paragraphs 1-50.

52. Defendant violated NYLL in misclassifying Mr. Edelmann as an exempt employee when he did not satisfy the requirements for any exemption contained under NYLL.

53. Because of Defendant's willful violation of NYLL, Mr. Edelmann has suffered damages in the amount of unpaid overtime, liquidated damages, double damages, punitive damages, attorneys' fees, and such other relief as deemed proper.

### DEMAND FOR JURY TRIAL

54. Plaintiff hereby demands a jury trial.

**WHEREFORE,** as a result of the conduct and actions of the Defendant herein alleged, Plaintiff demands:

(1) Judgment declaring that Defendant violated the aforementioned statutes;

  (2) Defendant, its agents, employees, officers and successors in interest, and those acting in concert with Defendant, be permanently enjoined from harassing or retaliating against Plaintiff on any basis forbidden by the FLSA or NYLL;

  (3) That Plaintiff be made whole in the form of unpaid overtime wages and afforded all benefits which would have been afforded Plaintiff but for said misclassification;

  (4) Defendant be ordered to pay double, liquidated, and punitive damages for its violation of the FLSA and NYLL;

  (5) Defendant be ordered to pay Plaintiff prejudgment interest;

  (6) Defendant be ordered to pay the costs and disbursements of this action, including attorneys' fees; and

  (7) For such other and further relief as may be just and proper.

Dated: May 9, 2016
    Rochester, New York

        **THE LAW OFFICE OF KIMBERLY A. GLENNON**

        __s/Kimberly A. Glennon_____
        Kimberly A. Glennon, Esq.
        *Attorney for Plaintiff*
        160 Linden Oaks
        Rochester, NY 14625
        Telephone: (585) 389-6102
        KGlennon@GlennonEmploymentLaw.com

        **THE GLENNON LAW FIRM, P.C.**

        __s/Peter J. Glennon_____
        Peter J. Glennon, Esq.
        *Attorney for Plaintiff*
        160 Linden Oaks
        Rochester, NY 14625
        Telephone: (585) 210-2150
        PGlennon@GlennonLawFirm.com