UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD EDELMANN,

                           Plaintiff,

                                                         Case # 16-CV-6293-FPG

v.

                                                         DECISION AND ORDER

KEUKA COLLEGE,

                           Defendant.
_____

## INTRODUCTION

Richard Edelmann ("Plaintiff") alleges that his former employer, Keuka College ("Defendant"), failed to compensate him for overtime work as the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") require.[1] ECF No. 1. Plaintiff alleges that Defendant misclassified him as an exempt employee, and for that reason did not compensate him when he worked over 40 hours in a workweek. *Id.* Defendants have moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] ECF No. 4. For the reasons stated below, Defendant's Motion to Dismiss is denied.

## BACKGROUND[3]

Plaintiff began working for Defendant in June 2010 as a Senior Technical Support Technician in the Information Technology Department. ECF No. 1 at ¶ 9. When Plaintiff started working for Defendant, he was asked whether he preferred to be paid hourly or whether

---

[1] In his Complaint, Plaintiff also alleged violations of the FLSA's recordkeeping requirements under 29 U.S.C. § 211(c). *See* ECF No. 1 at ¶¶ 47-50. Plaintiff subsequently withdrew those allegations. *See* ECF No. 11 at 1, n.1.

[2] Defendant also argued that the Complaint should be dismissed for inadequate service under Federal Rule of Civil Procedure 12(b)(5). *See* ECF No. 4-3 at 3-4. Defendant subsequently withdrew that portion of its motion. *See* ECF No. 12 at 1, n.1.

[3] The following facts are taken from the factual allegations made in the Complaint. *See* ECF No. 1. For the purposes of this Motion to Dismiss, these allegations are assumed to be true. FED. R. CIV. P. 12(b)(6).

1

he preferred to receive a salary. *Id.* at ¶¶ 11, 14. He was told that the only difference between the two is that as a salaried employee, he would be entitled to an extra week of vacation. *Id.* at ¶ 12. Further, he was told that salaried employees did not work "much overtime." *Id.* Plaintiff asked to be paid a salary. *Id.* at ¶ 13.

While working for Defendant, Plaintiff had scheduled hours. *Id.* at ¶ 17. But in addition to those scheduled hours, Plaintiff was expected to be "on call" some evenings. *Id.* at ¶ 22. Plaintiff was assigned to week-long, "on call" shifts beginning at 7 p.m. and ending at 10 p.m., *id.* at ¶ 22, though Plaintiff frequently received work-related calls after 10 p.m. *Id.* at ¶ 24. Further, Plaintiff was expected to be available for various events that were outside his scheduled hours. *Id.* at ¶ 25. Those events included commencement ceremonies, "green and gold weekend," college open houses, orientations, sporting events, and any other event that required technical support. *Id.* Lastly, each year Plaintiff was required to provide technical support at Defendant's yearly off-site board meeting. *Id.* at ¶ 26. That board meeting required Plaintiff to stay overnight and be available at all hours. *Id.* at ¶ 27. All things considered, Plaintiff typically worked 50 hours per week. *Id.* at ¶ 31.

**DISCUSSION**

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plausibility "is not akin to a probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief." *Id.* A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

Defendant argues that Plaintiff's FLSA and NYLL overtime claims must be dismissed because he has not alleged facts that give rise to a reasonable inference that he worked more than 40 hours in a given week.[4] Under the FLSA, when an employee works more than 40 hours in a workweek, employers must compensate the employee "at a rate not less than one and one-half times the regular rate" for those excess hours. 29 U.S.C. § 207(a)(1). In *Lundy v. Catholic Health System of Long Island*, the Second Circuit held that, to state a plausible claim under section 207(a)(1), "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." 711 F.3d 106, 114 (2d Cir. 2013). In *Nakahata v. New York-Presbyterian Health System*, the court clarified that, to sufficiently allege

---

[4] Because "the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA," the Court's findings under the FLSA "apply equally to the NYLL state law claims." *Dejesus v. HF Mgmt. Servs, LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013).

3

40 hours of work in a given workweek, a plaintiff "must provide sufficient detail about the length and frequency of their unpaid work." 723 F.3d 192, 201 (2d Cir. 2013).[5]

In *Lundy*, the plaintiffs' allegations included a detailed approximation of the hours that they worked. *Lundy*, 711 F.3d at 114-15. They included the length of the plaintiffs' typical shifts, the number of hours they spent in required trainings, the time they spent working before and after their shifts, and the number of minutes of they spent working during their meal breaks. *Id.* The problem with the plaintiffs' allegations was not that they lacked sufficient detail. *Id.* at 115. The problem was that the sum of the approximated hours did not exceed 40. *Id.* For that reason, the plaintiffs had not raised a plausible inference that they worked over 40 hours in any given week. *Id.*; *see also Dejesus*, 726 F.3d at 88-89 ("The allegations in *Lundy* . . . failed because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime.").

Like the plaintiffs in *Lundy*, the plaintiffs in *Nakahata* alleged that the defendants did not sufficiently compensate them for work performed during meal breaks, before and after shifts, and during require training sessions. *Nakahata*, 723 F.3d 192, at 201. But unlike the plaintiffs in *Lundy*, the plaintiffs in *Nakahata* did not attach time values to their allegations. *Id.* Thus, it was not arithmetic that was fatal to the plaintiffs' overtime claims. *Id.* It was the plaintiffs' failure to allege that they worked through meal breaks and before and after shifts *in addition to* working 40 hours in a given week. *Id.*

---

[5] Plaintiff argues that that *Lundy* and *Nakahata* are inapplicable here. *See* ECF No. 11 at 7-8. Plaintiff distinguishes *Lundy* and *Nakahata* because they "are not misclassification cases, but rather off-the-clock cases involving overtime for hourly workers." *Id.* Although that distinction is noteworthy when considering whether Plaintiff has alleged facts that give rise to a plausible inference that he worked more than 40 hours in a given week, it does not render the rule announced in *Lundy* and reiterated in *Nakahata* inapplicable. *Lundy* and *Nakahata* set the pleading standard for FLSA overtime claims. *See Dejesus*, 726 F.3d at 88-89. That standard applies even in cases where the parties dispute whether the plaintiff is exempt from the FLSA's overtime protections. *See id.* (applying the *Lundy-Nakahata* pleading standard to a case that also questioned whether the plaintiff was exempt from the FLSA's overtime protections).

Here, Plaintiff alleges that he typically worked 50 hours per week as a salaried employee. ECF No. 1 at ¶ 31. Plaintiff alleges that, though he had a fixed schedule, he often performed work outside of his predetermined hours. *Id.* at ¶¶ 22-27. Specifically, Plaintiff alleges that he was expected to be "on call" from 7 p.m. to 10 p.m. for weeks at a time, *id.* ¶ 22, and that he frequently received calls after 10 p.m. *Id.* at ¶ 3. Additionally, Plaintiff alleges that he worked college events—like commencements, open houses, and orientations—outside of his normal working hours. *Id.* at ¶ 25. Further, Plaintiff alleges that he was required to work Defendant's yearly board meeting, which required him to be available to provide technical support at all times, including overnight. *Id.* at ¶ 26.

Those allegations give rise to a plausible inference that Plaintiff worked more than 40 hours in any given workweek. Like the plaintiffs in *Nakahata*, Plaintiff has not attached time values to each of the instances of extracurricular work that he alleges. *See Nakahata*, 723 F.3d at 200-201; ECF No. 1 at ¶¶ 22-27. But unlike the plaintiffs in *Nakahata*, who might not have had a standard 40-hour schedule in any given week, Plaintiff was a salaried employee who worked fulltime. *Compare Nakahata*, 723 F.3d at 199 (noting that the plaintiffs alleged "Plaintiffs and Class members regularly worked hours both under and in excess of forty per week") *with* ECF No. 1 at ¶ 30 ("Throughout his tenure with [Defendant], [Plaintiff] worked significantly more than 40 hours each and every week."). Plaintiff's allegations are more plausible than the allegations at issue in *Lundy* for the same reason. Any work performed in addition to his standard, fulltime schedule necessarily adds up to an amount great than 40 hours. Because Plaintiff has alleged that, in addition to his fulltime schedule, he frequently worked evenings and weekends, his allegations give rise to a plausible inference that he worked more than 40 hours per week. *See* ECF No. 1 at ¶¶ 22-27.

Defendant argues that the Second Circuit's rule requires a plaintiff alleging an FLSA overtime claim to identify, and specifically account for, at least one week in which he or she worked uncompensated overtime. *See* ECF No. 4-3 at 5; *see also* ECF No. 12 at 1-3. Defendant adds that pleading "an average number of hours worked across several weeks" is insufficient. ECF No. 12 at 2. Defendant's argument is not persuasive. As noted above, the Second Circuit held in *Lundy* that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. To that end, the court suggested—but did not require—that pleading an itemized, approximation of hours worked would satisfy the pleading requirement. *Id.* at 114 n.7 ("Under a case-specific approach, some courts may find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility.").

Indeed, the Second Circuit has explicitly denounced Defendant's interpretation of its rule. *See Nakahata*, 723 F.3d at 201 n.10 ("While the standard we reaffirm today *does not* require an approximate number of overtime hours, we reiterate that determining whether a claim is plausible is a context-specific task . . . , and that under a case-specific approach, some courts may find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility.") (internal quotation marks and citations omitted) (emphasis added); *see also Dejesus*, 726 F.3d at 88 (noting that, in *Lundy*, the court "declined to make an approximation of overtime hours a necessity in all cases" but remarked that "an approximation may help draw a plaintiff's claim closer to plausibility") (international quotation marks and citations omitted).

Considering the context of this case, the Court finds Plaintiff has alleged facts that give rise to a plausible inference that he worked more than 40 hours, without additional

6

compensation, in a given workweek. On that basis, Plaintiff has adequately pleaded FLSA and NYLL overtime claims.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court